

430 Park Avenue, 10th Floor, New York, New York 10022-3505
t: +1 212 848 9800
f: +1 212 848 9888
www.withersworldwide.com

> Withers Bergman LLP's (the "Firm") letter-motion requesting to file ex parte and under seal the Declaration of James E. Nealon, corresponding exhibits, and supporting memorandum of law in support of the the Firm's motion to withdraw (the "Motion") is GRANTED, and the documents at ECF Nos. 90, 90-1 – 90-2 shall remain visible only to the selected parties.
>
> The Clerk of Court is respectfully directed to close ECF No. 89.
>
> SO ORDERED 02/10/23
>
> SARAH L. CAVE
> United States Magistrate Judge

February 9, 2023

**VIA ECF**

United States Magistrate Judge Sarah L. Cave
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 18A
New York, NY 10007-1312

    Re:    *Bellridge Capital, LP v. EVmo, Inc. f/k/a Yayyo, Inc.*,
             Case No. 1:21-cv-07091-PGG-SLC

Dear Magistrate Cave:

    Withers Bergman LLP (the "Firm") represents Defendant EVmo, Inc. ("EVmo") in the above-referenced matter and submit this letter to your Honor pursuant to, *inter alia*, Section I.F of your individual rules respectfully requesting Court permission to file in *ex parte* form and under seal (in partially redacted form) the Declaration of James E. Nealon and Exhibits (the "Nealon Declaration") and supporting memorandum of law (collectively, the "Motion") in support of the Firm's Notice of Motion seeking leave of Court for the Firm to withdraw as counsel for EVmo in this Action made pursuant Local Civil Rule 1.4.

    The Firm proposes to file partially redacted copies of the Nealon Declaration and supporting memorandum of law each will be filed on the public docket.

    Although a right of public access generally attaches to pleadings and motions, they "may be filed under seal where doing so is necessary to preserve higher values, and the request is narrowly tailored to serve that interest."[1] *See Leonard as Tr. of Poplawski 2008 Ins. Tr. v. John Hancock Life Ins. Co. of New*

---

[1]     "In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing. First, the Court determines whether the document is a judicial document, namely, one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process. Second, if the materials are judicial documents, the Court proceeds to determine the weight of the presumption of access to that document. The weight to be accorded is governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access. Applications to seal documents must therefore be carefully and skeptically review[ed] ... to [e]nsure that there really is an extraordinary circumstance or compelling need to seal the documents from public inspection." *See Cardwell v. Davis Polk & Wardwell LLP*, No. 1:19-CV-10256-GHW, 2022 WL 17175759, at *1 (S.D.N.Y. Nov. 23, 2022) (internal citations and quotations omitted)).

direct: +1 203 302-4078
fax: +1 203 302 6611
e-mail: james.nealon@withersworldwide.com
admitted in Connecticut and New York
10819909/1

Withersworldwide
London  Cambridge  Geneva  Milan  Padua
Hong Kong  Singapore  Tokyo  British Virgin Islands
New York  Boston  Greenwich  New Haven  Texas
San Francisco  Los Angeles  Rancho Santa Fe  San Diego

*York*, No. 18-CV-4994-AKH, 2020 WL 1547486, at *1 (S.D.N.Y. Mar. 31, 2020) (internal citations and quotations omitted). One such "higher value" is the need to safeguard information protected from disclosure by law. *Id.* (internal citations and quotations omitted). The "preservation of the attorney-client privilege is a higher value that can overcome the common law and First Amendment presumption of access to judicial documents." *Cardwell v. Davis Polk & Wardwell LLP*, No. 1:19-CV-10256-GHW, 2022 WL 17175759, at *2 (S.D.N.Y. Nov. 23, 2022) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124–25 (2d Cir. 2006) (cleaned up)). The entirety of the Motion and the Declaration of James Nealon need be reviewed in camera and kept under seal to protect the higher values of the attorney-client privilege and EVmo's private financial information.

Moreover, sealing these documents is narrowly tailored because, consistent with applicable law and common practice in this District, motions and accompanying declarations are routinely filed in *ex parte* form and kept under seal to protect attorney-client communications, sensitive private financial information, and other sensitive client confidences. *See e.g.*, *Milltex Grp. Inc. v. Gossard & Berlei Ltd.*, No. 15-CV-10002(RA), 2017 WL 9771811, at *1 (S.D.N.Y. Apr. 10, 2017) (granting the movant counsel permission, in context of Local Civil Rule 1.4, to file a declaration in support of the motion to withdraw *ex parte* and under seal); *C.D.S. Inc. v. Zetler*, No. 16CV3199VMJLC, 2017 WL 1103004, at *4 (S.D.N.Y. Mar. 23, 2017) (quoting *Team Obsolete Ltd. v. A.H.R.M.A., Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) ("[D]ocuments in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and ... this method is viewed favorably by the courts.")); *Intelligen Power Sys., LLC v. dVentus Techs. LLC*, No. 14 CIV. 7392 PAE, 2015 WL 2431620, at *1 (S.D.N.Y. May 19, 2015) ("[T]he court will take up the motion to withdraw, including, if warranted, hearing *in camera* from defense counsel as to the bases for that motion."); *L.V. v. New York City Dep't of Educ.*, No. 19CV05451ATKHP, 2020 WL 6782234, at *3 (S.D.N.Y. Nov. 17, 2020) (reviewing plaintiffs' counsel's declaration in support of motion to withdraw under seal and *in camera* and granting plaintiffs' counsel's motion to withdraw).

As noted in paragraph 20-21 of my Declaration, I have consulted with Plaintiff's counsel, Attorney William Gyves of Kelley Drye & Warren LLP, about my intention to file the above referenced 2 documents on an *ex parte* basis and under seal in partially unredacted form, and he did not note any objection to such an approach. Of course, our client will be provided today with fully unredacted copies of the motion to withdraw papers.

Thus, we respectfully request that the Declaration of James Nealon and the supporting memorandum of law be permitted to be filed on an *ex parte basis* and partially under seal. We will file the proposed partially redacted copies of the papers that we propose to be made publicly available on the ECF Court docket.

Respectfully submitted,

James Nealon

Enclosures

cc.   All counsel of record (without attachments except Notice of Motion), via ECF.
      Steven M. Sanchez, EVmo, Inc. CEO (with attachments), via email.