UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BELLRIDGE CAPITAL, LP,

                Plaintiff,

- against -

EVMO, INC., f/k/a YayYo, Inc. and
Rideshare Rental, Inc.,

                Defendant.

**ORDER**

21 Civ. 7091 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Bellridge Capital, LP has moved for entry of judgment pursuant to Defendant EVmo, Inc.'s confession of judgment. (Pltf. Mot. (Dkt. No. 106))  For the reasons stated below, Plaintiff's motion will be granted.

## BACKGROUND

### I.    THE UNDERLYING ACTION

        On or about March 8, 2018, Bellridge invested $6 million in EVmo Inc.  (Cmplt. (Dkt. No. 1) ¶¶ 1-3)[1]  In exchange, EVmo gave Bellridge a $6 million promissory note and a warrant that provided Bellridge with the right to acquire up to 1.5 million shares of EVmo's common stock at an exercise price of $4.00 per share.  (Id. ¶¶ 2-3, 47-48, 52-54)  The warrant provided "critical anti-dilution provisions" that adjusted Bellridge's exercise price in the event that EVmo later sold shares for less than $4.00 per share.  (Id. ¶¶ 5, 55-57; Cmplt., Ex. A (Dkt. No. 1-1) at 11 ("If and whenever on or after the Subscription Date, the Company issues or sells . . . any shares of Common Stock . . . for a consideration per share . . . less than a price equal to

---

[1] The page numbers of documents referenced in this order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

the Exercise Price in effect immediately prior to such issuance or sale . . . , then immediately after such Dilutive Issuance, the Exercise Price then in effect shall be reduced to an amount equal to 90% of the New Issuance Price.")) The purpose of the anti-dilution provisions was "to protect Bellridge[ ]'s upside if the value of [EVmo's] stock declined." (Cmplt. (Dkt. No. 1) ¶ 5)

After EVmo went public, it filed a Form 10-Q with the Securities and Exchange Commission, disclosing that it had sold approximately 2.5 million shares of its common stock for $0.0097 per share. (Id. ¶ 119) Bellridge contends that this sale constituted a "dilutive issuance" under the Warrant. (Id. ¶ 120) Accordingly, on May 28, 2021, Bellridge sought to exercise its right – pursuant to the March 2018 Securities Purchase Agreement – to purchase 1.5 million shares of EVmo's common stock at a lower adjusted exercise price. (Id. ¶¶ 8, 121) EVmo refused to honor the Warrant. (Id. ¶¶ 9, 122-152)

The Complaint was filed on August 23, 2021, and alleges that EVmo breached the Warrant by failing to provide shares at the correct adjusted exercise price. (Id. ¶¶ 153-60) Bellridge sought damages related to EVmo's breach of contract as well as an award of attorneys' fees and costs. (Id. at 29)

## II.     THE SETTLEMENT AGREEMENT

On March 16, 2023, the parties entered into a settlement agreement. (Klimov Decl., Ex. 1A (Settlement Agreement) (Dkt. No. 108-1) at 2) On March 27, 2023, the parties informed this Court that they had "executed a formal Settlement Agreement amicably resolving this matter." (March 27, 2023 Ltr. (Dkt. No. 104)) The parties stipulated to an order of dismissal, which this Court so-ordered on March 30, 2023. (Order of Dismissal (Dkt. No. 105)) The order of dismissal provides that this Court "retain[s] jurisdiction over any claims that might arise in connection with the parties' Settlement Agreement dated March 16, 2023." (Id.; see also

March 27, 2023 Ltr., Ex. 1 (Dkt. No. 104-1) ("[The parties] jointly request that the Court retain jurisdiction of this action for purposes of enforcing the terms of the Settlement Agreement."))

The Settlement Agreement provides that EVmo will pay Bellridge a total of $1.62 million in thirty-six monthly installments over three years. (Settlement Agreement (Dkt. No. 108-1) at 3-4) EVmo agreed to make the first payment on April 1, 2023, and to make subsequent payments on the first day of each month thereafter until March 1, 2026, when Bellridge would be paid in full. (Id. at 4-5) The first twelve monthly installments were $25,000.00 each. (Id. at 4; Klimov Decl. (Dkt. No. 108) ¶ 17)

The Settlement Agreement further provides that "if any [p]arty brings an action concerning this Agreement . . . , the prevailing Party shall be entitled to recover its reasonable attorneys' fees, disbursements and costs" incurred in enforcing the Agreement. (Settlement Agreement (Dkt. No. 108-1) at 14)

In entering into the Settlement Agreement, EVmo's Chief Executive Officer, Stephen M. Sanchez, also executed – on behalf of EVmo – a Declaration of Confession of Judgment (the "Confession of Judgment"), which provides as follows:

> [S]hould EVmo fail to make the monthly installment payments on the dates set forth [in the Settlement Agreement], and should EVmo fail to cure its default under the terms of the Settlement Agreement after receiving certain contractually mandated written notice of default, then Bellridge is authorized to file this declaration of confession of judgment in the United States District Court for the Southern District of New York.

(Klimov Decl., Ex. 1B (Confession of Judgment) (Dkt. No. 108-1) ¶ 11) EVmo agreed that in the event it defaulted, judgment would be entered "in Bellridge's favor and against EVmo in the amount of $1,620,000.00, plus interest at the judgment rate from the date of this declaration and taxable costs, less any payments already made pursuant to the Settlement Agreement." (Id. ¶ 12)

3

### III. MOTION FOR ENTRY OF JUDGMENT

On August 14, 2023, Bellridge moved for the entry of judgment by confession against EVmo, based on EVmo's failure to make certain payments under the Settlement Agreement. (Pltf. Br. (Dkt. No. 107)) According to Bellridge, EVmo made the first three monthly installments – totaling $75,000.00 – but defaulted on July 1, 2023. (Klimov Decl. (Dkt. No. 108) ¶¶ 29-30) Bellridge provided EVmo with notice of its default on July 10, 2023 and August 4, 2023, but EVmo did not make any subsequent payments, in violation of the Settlement Agreement. (Id. ¶¶ 30-39; see Settlement Agreement (Dkt. No. 108-1) at 4-5)

Bellridge requests "that the Court enter judgment in [Bellridge's] favor and against EVmo in the amount of $1,545,000.00," and award interest at the statutory rate from March 16, 2023, attorneys' fees, and costs. (Pltf. Br. (Dkt. No. 107) at 15) The $1,545,000.00 figure reflects the total amount due of $1,620,000.00 minus the total amount of $75,000.00 EVmo paid between April 1, 2023 and June 1, 2023. (Klimov Decl. (Dkt. No. 108) ¶¶ 29, 41)

This Court granted EVmo three extensions of time to respond to Bellridge's motion (see Dkt. Nos. 112, 114, 117), based on its representations that it was "intensively engaged in exploring various restructuring alternatives" which, if successful, would enable it to pay Bellridge under the Settlement Agreement. (Aug. 30, 2023 Extension Request (Dkt. No. 111); see also Dkt. Nos. 113, 115) EVmo did not file any response to Bellridge's motion, however.

In an October 3, 2023 letter to the Court, Bellridge cited a recent EVmo SEC filing in which EVmo announced that "it will not be in a position to complete any [restructuring alternatives] in sufficient time to prevent it from suspending operations. . . . As of [September 25, 2023, EVmo] has essentially exhausted its cash resources and is suspending operations as soon as possible, and in any event targeting by the close of business on September 29, 2023."

4

(Dkt. No. 118) On October 5, 2023, this Court ordered EVmo to respond to Bellridge's letter and to its motion for entry of judgment by October 13, 2023, failing which this Court would deem Bellridge's motion unopposed. (Dkt. No. 119) EVmo made no such filing.

## DISCUSSION

"'Judgment by confession is a product of state law, having no analog in the federal rules.'" Gonzalez v. Trees R US Inc., No. 14 Civ. 7487 (AKT), 2021 WL 7283081, at *2 (E.D.N.Y. Mar. 31, 2021) (quoting Villa v. Car Magic Auto Repair, Inc., No. 18-CV-489 (RML), 2020 WL 4336350, at *1 (E.D.N.Y. July 27, 2020)). "A district court 'does not automatically retain jurisdiction to hear a motion to enforce' a settlement agreement simply by virtue of having disposed of the original case." Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015) (quoting In re Am. Express Fin. Advisors Sec. Litig., 672 F.3d 113, 134 (2d Cir. 2011)). Instead, "a motion to enforce a settlement agreement is fundamentally 'a claim for breach of a contract, part of the consideration of which was dismissal of an earlier federal suit,' and therefore 'requires its own basis for jurisdiction.'" Id. (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378, 381 (1994)).

Where a party seeks to enforce a settlement agreement, a district court has jurisdiction where its order of dismissal "expressly retain[s] jurisdiction over the settlement agreement." Id. (citing Kokkonen, 511 U.S. at 381). Here, as discussed above, this Court agreed in its order of dismissal to "retain[ ] jurisdiction over any claims that might arise in connection with the parties' Settlement Agreement." (Order of Dismissal (Dkt. No. 105))

A district court "'has the power and authority to enter a judgment pursuant to a confession of judgment as long as subject-matter jurisdiction exists and the confession of judgment was voluntarily, knowingly and intelligently made.'" Gorayeb v. RSG Constr. Corp., No. 19-CV-5589 (KAM) (SJB), 2021 WL 1102473, at *1 (E.D.N.Y. Feb. 17, 2021) (quoting

5

Xerox Corp. v. W. Coast Litho, Inc., 251 F. Supp. 3d 534, 538 (W.D.N.Y. 2017)); N.Y. C.P.L.R. § 3218(a) (providing that "a judgment by confession may be entered, without an action, either for money due or to become due, or to secure the plaintiff against a contingent liability in behalf of the defendant, or both, upon an affidavit executed by the defendant"). "Where the confession of judgment satisfies these factors, the federal court may enter judgment as permitted by the law of the state in which the court is located." Sapon v. Hanbat Rest., Inc., No. 18 Civ. 11457 (SLC), 2021 WL 621170, at *1 (S.D.N.Y. Feb. 16, 2021) (citing Fed. R. Civ. P. 64).

Here, this Court has subject matter jurisdiction, because there is complete diversity of citizenship between Bellridge (a limited partnership with its principal place of business in Fort Lauderdale, Florida) and EVmo (a corporation with its principal place of business in Beverly Hills, California), and the amount in controversy exceeds $75,000. (Cmplt. (Dkt. No 1) ¶¶ 14-16, 19-20) Moreover, there is no dispute that EVmo's confession of judgment was made voluntarily, knowingly, and intelligently. Indeed, in the Confession of Judgment, EVmo's CEO declared that he had "conferred with EVmo's counsel"; that "EVmo agrees that the Judgment Amount . . . is a fair and reasonable amount of damages for Bellridge to have judgment against EVmo"; and that "this declaration of confession of judgment is made upon good and valuable consideration." (Confession of Judgment (Dkt. No. 108-1) ¶¶ 2, 13, 15) EVmo has not disputed that it is in default nor has it disputed the amount that Bellridge claims is due. See Gorayeb, 2021 WL 1102473, at *2 (entering judgment when "[d]efendant never argued that its [confession of judgment] was not made knowingly and voluntarily"). To the contrary, in its letters to this Court, EVmo acknowledges that it has not made certain payments required by the Settlement Agreement. (See, e.g., Aug. 30, 2023 Extension Request (Dkt. No. 111)

("[EVmo] is hopeful that it will be able to get its settlement payments to Bellridge under the operative settlement agreement back on track."))

New York law provides that "a judgment by confession may be entered . . . upon an affidavit executed by the defendant;"

> 1. stating the sum for which judgment may be entered, authorizing the entry of judgment, stating the county where the defendant resides and, if applicable, stating that the interest rate for consumer debt pursuant to section five thousand four of this chapter applies;
>
> 2. if the judgment to be confessed is for money due or to become due, stating concisely the facts out of which the debt arose and showing that the sum confessed is justly due or to become due; and
>
> 3. if the judgment to be confessed is for the purpose of securing the plaintiff against a contingent liability, stating concisely the facts constituting the liability and showing that the sum confessed does not exceed the amount of the liability.

N.Y. CPLR § 3218(a); Xerox Corp., 251 F. Supp. 3d at 538 (listing the same requirements).

The Confession of Judgment executed by EVmo authorizes the entry of judgment against it in the amount of $1.62 million, less any payments made pursuant to the Settlement Agreement. (Confession of Judgment (Dkt. No. 108-1) ¶¶ 6, 12) Although the Confession of Judgment does not authorize entry of judgment in a particular county, it does authorize entry of judgment in the Southern District of New York. (Id. ¶ 6; see Xerox Corp., 251 F. Supp. 3d at 538 (finding that an affidavit of judgment satisfied CPLR § 3218(a)(1) where it authorized entry of judgment in a specific court, i.e., the Western District of New York, rather than in a particular county)) The Confession of Judgment also concisely states the underlying breach of contract that gives rise to the debt. (Confession of Judgment (Dkt. No. 108-1) ¶¶ 8-9)

## CONCLUSION

For the reasons stated above, Bellridge's motion for entry of judgment against EVmo is granted. Before this Court can enter an award of attorneys' fees and costs, however,

Plaintiff must set forth the amount of attorneys' fees and costs it seeks, supported by an affidavit or declaration attaching contemporaneous billing records and an itemization of costs. Plaintiff will submit the necessary supporting documents by **December 18, 2023.** Any opposition is to be filed by **December 22, 2023**.

Dated: New York, New York
      December 12, 2023

SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge